

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. J. T. McMillin
Deputy Commissioner
Department of Banking
Austin, Texas

Dear Sir:

Opinion No. O-2396
Re: Real Estate Trusts created
under provisions of Article
881a-26, an extent of State
Banking Commissioner's control
thereof.

Your request for an opinion of this department has been received and considered. We quote the body of your letter:

"You will notice that under the provisions of Article 881-a-26 when the real estate of a Building and Loan Association becomes burdensome the Board of Directors of an association, with the approval of the Banking Commissioner and under rules established by the Commissioner, may segregate the assets, and convey the real estate in trust or to a holding company, and the trustee or company will issue trust certificates or shares, as the case may be, to the stockholders in proportion to the book value of their stock in the association. The stock liability is in such case written down.

"If an association, acting pursuant to the provisions of this section, with the approval of and under rules established by the Commissioner, does segregate the assets and convey the real estate to

Mr. J. T. McMillin, Page 2

a trustee, and the trustee does issue trust certi-
ficates, all in the manner prescribed by the section,
then is that trustee in the administration of the
trust, subject to the supervision of the Banking
Commissioner?"

Article 881a-26, Vernon's Annotated Civil Statutes,
relates to Building and Loan Associations and makes certain
restrictions on the taking, holding and conveyance of real
estate by such associations. The applicable portion of that
statute reads as follows:

". . . whenever the aggregate of real pro-
perty acquired by the Association in satisfaction of
debts previously contracted in the course of its bus-
iness by foreclosure, or otherwise, becomes a burden-
some asset, the board of directors acting with the
approval of the Banking Commissioner and under such
rules as may be prescribed by him, may segregate
such real estate assets of the association and convey them
them in trust or to a holding company, reducing the
share liability of the Association in a total amount
equal to the total book value of the real property
so conveyed and distributing to all of the members
trust certificates or shares in the holding company,
as the case may be, for their proportionate interest
in such real property . . ." (Underscoring ours)

The Supreme Court of Texas, in Engleking v. Von
Wamel, 26 Tex. 469, declared that:

"The rules for the construction of statutes re-
quire that the words employed by the legislature
shall be taken in their ordinary and popular accep-
tation, unless technical words are used, or it clearly
appears from the context that they were not intended
to be so understood." See also Hinds v. Lock (C.A.)
259 S. W. 156 and Section 1 of Article 10, Revised
Civil Statutes of 1925.

We note the use in Article 881a-26 of the word "se-
gregate" as follows:

Mr. J. T. McMillin, Page 3

". . . The board of directors . . . may segre-
gate such real estate assets of the association and
convey them . . ." (Underscoring ours)

Webster's New International Dictionary ascribes the
following meaning to the term "segregate":

"To separate or cut off from others, or from
the general mass or main body; to set apart; to
isolate; to seclude."

A conventional and elementary definition of the term
"trust" is given below:

"A trust is an equitable obligation, binding a
person (who is called a trustee) to deal with pro-
perty over which he has control (which is called the
trust property) for the benefit of persons (who are
called the beneficiaries or cestuis que trusts) of
whom he may himself be one, and any one of whom may
enforce the obligation." Underhill, Trusts (8th Ed.)
3.

In the situation here, the trust property consists of
that real estate which is deemed and declared a burdensome as-
set in the association's financial structure. The trustee
holds and manages that certain real property for the use and
benefit of the members of the association whose individual in-
terest is proportionate to the whole. These members are the
beneficiaries or cestuis que trust. They are the holders of
the trust certificate.

It is our opinion that the association has performed
its statutory duty when it conveys the burdensome asset into
trust. At that point the interest of the association ceases,
and the trust so established is solely for the benefit of the
members of the association in their capacity as individuals.
If a contra-position was adopted it would serve to defeat the
intent of the Legislature and nullify the contemplated benefits
sought by the enactment of this statutory provision. Clearly
Article 881a-26, supra, was conceived and designed to accom-
plish a complete and total severance of the burdensome real
estate assets from the other assets of an association. The
Legislature intended an unrestricted "segregation". To accom-
plish this purpose, the idea of the liquidation trust should

Mr. J. T. McMillin, Page 4


be disassociated from any idea of relationship to the association in that the latter has any equitable or legal interest in the trust property, for it has none. The individual members displace the association in that respect.

Therefore, for the reasons announced above, we hold that the administration of the trust does not constitute any of the legitimate functions of a building and loan association; and, accordingly, the Banking Commissioner is given no supervisory powers over the trust after it has once been created.

In conclusion, we will note that we have been unable to find any statute, other than Article 881a-26, supra, which might give the Commissioner supervision over such a trust.

Trusting that the above fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

By _Grundy Williams_
Grundy Williams


GW:BBB


APPROVED JUN 14, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN